# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JOHNNIE LEE JORDAN, JR.,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:18cv149-RH/CAS**

**SERGEANT KAREN FEWELL,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff filed an amended complaint pursuant to 42 U.S.C. § 1983. ECF No. 40. Plaintiff alleged that Defendant Fewell falsified a disciplinary report against him in retaliation for a grievance Plaintiff wrote against her. *Id.* As relief, Plaintiff sought nominal damages, but he expressly stated that the amount should be "more than a dollar," and suggested the "small sum of nine hundred dollars." *Id.* at 14. Plaintiff also requested that he be awarded "a higher amount of money," and stated that his belief that "thirty five hundred [dollars] is a fair amount." *Id.*

Defendant filed a motion to dismiss, ECF No. 43, arguing that Plaintiff's request for relief must be limited to nominal damages because

Plaintiff did not suffer physical injury.  *Id.* at 4-6.  Defendant requests that Plaintiff be limited to "nominal damages of $1.00" should Plaintiff be successful, and that his request for nine hundred dollars be dismissed.  *Id.* at 6.

Plaintiff has responded to the motion to dismiss and contends that he has suffered "actual injury" due to Defendant's retaliatory actions.  ECF No. 46.  He claims that because of Defendant's retaliation, his efforts to pursue a habeas petition were "frustrated and impeded."  *Id.* at 2.  Plaintiff further argues that "nine hundred dollars is a small sum of money."  *Id.* at 3.

Defendant is correct that Plaintiff's relief, should he be successful, must be limited to nominal damages because of the bar imposed by 42 U.S.C. § 1997e(e).  That statute provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The statute is applicable in this case as Plaintiff is an incarcerated prisoner who seeks monetary damages, but has not suffered a physical injury.  Having alleged that he suffered "actual injury," provides a basis for this case, but it does not provide a basis for compensatory damages.  See Harris v. Garner, 216

F.3d 970, 972 (11th Cir. 2000); Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003). Without physical injury, Plaintiff's relief is unquestionably limited to "nominal damages." The only issue is what constitutes "nominal" damages?

In a fairly recent case, the Eleventh Circuit expressed that an award of "nominal damages" was "a trivial sum awarded for symbolic, rather than compensatory, purposes." Flanigan's Enterprises, Inc. of Georgia v. City of Sandy Springs, Georgia, 868 F.3d 1248, 1268 (11th Cir. 2017), *cert. denied sub nom.* Davenport v. City of Sandy Springs, Ga., 138 S. Ct. 1326 (2018). The amount may vary, from one dollar to one hundred dollars. *Compare* Farrar v. Hobby, 506 U.S. 103, 116, 113 S. Ct. 566, 576, 121 L. Ed. 2d 494 (1992) (O'Connor, J., concurring) (stating that plaintiff "obtained an enforceable judgment for one dollar in nominal damages. One dollar is not exactly a bonanza, but it constitutes relief on the merits."), *with* KH Outdoor, LLC v. City of Trussville, 465 F.3d 1256, 1262 (11th Cir. 2006) (affirming an "award of nominal damages in the amount of $100"). What is clear is that such an award must be of a trivial or nominal amount.

What is trivial to one person may not be trivial to another. Yet, considering Plaintiff's status as an in forma pauperis litigant who had a zero

balance in his inmate bank account when this case was filed, *see* ECF No. 9, the amount of nominal damages cannot be between nine hundred and thirty-five hundred dollars. Such an amount would be a significant award. At this point in the litigation, the Court need not determine the precise amount Plaintiff should be awarded *should* he prevail in this litigation. It is enough to conclude that Plaintiff is only entitled to an award of nominal damages which may not exceed one hundred dollars.

It is respectfully **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's request of a monetary award of nine hundred dollars or more, ECF No. 43, be **GRANTED**, and Plaintiff must necessarily be limited to "nominal damages" pursuant to 42 U.S.C. § 1997e(e). Additionally, it is **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 26, 2019.

 S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written**

objections to these proposed findings and recommendations. **Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).** <u>**Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**</u> **If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**