## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JOHNNIE LEE JORDAN, JR.,**

      **Plaintiff,**

**v.**                                   **Case No. 4:18cv149-RH/MAF**

**SERGEANT KAREN FEWELL,**

      **Defendant.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, Johnnie Lee Jordan, Jr., proceeding pro se, filed a second amended complaint on December 4, 2019, pursuant to 42 U.S.C. § 1983. ECF No. 65.  Plaintiff alleged *inter alia* that Defendant Fewell falsified a disciplinary report against him and placed him in disciplinary confinement in retaliation for a grievance Plaintiff wrote against her, thus violating his First Amendment rights.  *Id.* at 6, 12.  Defendant filed an answer on December 16, 2019.  ECF No. 67.  After the conclusion of the discovery period, Defendant filed a motion for Summary Judgment, ECF No. 80, and Plaintiff filed a response in opposition, ECF No. 82.  Thereafter, Defendant filed a reply, Ex. 86, and Plaintiff filed a sur-reply, ECF No. 89.  The motion for summary judgment is ready for ruling.

## Legal Standards Governing a Motion for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Thus, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Id. at 323.  The non-moving party must then show through affidavits or other Rule 56 evidence "that there is a genuine issue for trial" or "an absence of evidence to support the nonmoving party's case."[1]  Id. at 325; Beard v. Banks, 548 U.S. 521, 529 (2006).

---

[1] "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' "  Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), cert. denied 522 U.S. 1126 (1998) (quoting Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(c), (e))). The nonmoving

An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted).  Additionally, "the issue of fact must be 'genuine' " and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (some citations omitted). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) (quoting Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000)).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Id.* at 249 (noting that a "scintilla of evidence" is not

---

party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen, 117 F.3d at 1236; Celotex, 477 U.S. at 324.

enough to refer the matter to a jury).  The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Hickson Corp., 357 F.3d at 1260 (quoting Anderson, 477 U.S. at 252).  All justifiable inferences must be resolved in the light most favorable to the nonmoving party.  Anderson, 477 U.S. at 255.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " Matsushita Elec. Indus. Co., 475 U.S. at 587 (other citation omitted).

**The Complaint**

Plaintiff alleges that on December 5, 2017, he was released from disciplinary confinement that resulted from a disciplinary report (DR) dated November 20, 2017, by Defendant Sergeant Karen Fewell, who works at Wakulla Correctional Institution Annex.  The DR stated that Plaintiff attempted to establish a personal or business relationship with a staff member.  ECF No. 65 at 5-6.  Plaintiff alleges that when Plaintiff was released from confinement on December 5, 2017, he was confronted by Defendant Fewell, who asked how he got out of confinement early.  *Id.* Plaintiff alleges that he responded it was probably because of the informal grievance he submitted.  *Id.* at 7-8.  He alleges Defendant Fewell

threatened him by saying "keep writing them grievances, and we will see what you get" and that "when you write that shit, you don't have to worry about being on this compound anymore." *Id.* at 8.

Plaintiff contends Defendant had him placed back in confinement by intentionally falsifying a DR on December 5, 2017, for disorderly conduct. ECF No. 65 at 5. Plaintiff alleges that Defendant Fewell "deceitfully pretended Plaintiff was threatening defendant" and that she suddenly ran away and activated a panic mechanism. *Id.* He alleges officers responded and he was handcuffed. *Id.* at 9. He alleges Defendant Fewell then falsely wrote Plaintiff a disorderly conduct DR for being loud and belligerent. *Id.* at 9-10. Plaintiff alleges that this DR was in retaliation for the grievance Plaintiff previously filed concerning the November 20, 2017, DR and disciplinary confinement.

Plaintiff alleges that on December 10, 2017, he filed an informal grievance contending that Defendant had falsified the DR on December 5, 2017, and that this informal grievance was "approved" on December 14, 2017. *Id.* at 6. Plaintiff alleges that Captain Knichel "conceded" that Defendant had falsified the disciplinary report. *Id.* He alleges that on December 28, 2017, Warden J. Coker and a classification officer "approved" two formal grievances that Plaintiff wrote while confined on

December 18, 2017. *Id.* at 6-7. He alleges that the two officials "essentially conceded that Defendant falsified the DR written on December 5, 2017, and confirmed and conceded the unknown staff member who reviewed the surveillance video cameras lied about what those cameras showed." *Id.* at 7. Plaintiff further alleges that he was subsequently given a retaliatory "punitive negative transfer to Gulf C.I. prison" on January 8, 2018.[2] *Id.* at 10.

Plaintiff contends that the actions of Defendant Fewell violated his First Amendment rights and, because he was transferred, he missed a filing deadline for the United States Circuit Court of Appeals in case number 17-14307-F concerning a motion to reconsider denial of a certificate of appealability in an appeal of his habeas corpus petition. *Id.* at 13-14.

Plaintiff requests "actual/or special damages of Thirty-Five Hundred Dollars," costs, and additional relief that is deemed just, proper and equitable. *Id.* at 14. It should be noted that Plaintiff's claim for monetary damages in his earlier first amended complaint, ECF No. 40, were stricken on October 24, 2019, and he was limited to claiming nominal damages in

---

[2] Plaintiff alleges he was "given a punitive negative transfer" but does not allege how that decision was made. He does not allege that Defendant Fewell instigated the transfer or participated in the decision to transfer.

the range of $10, because he did not allege any physical injury or sexual

act.  ECF No. 59; Jordan v. Fewell, No. 4:18cv149-RH/CAS, 2019 WL

5457996, at *1 (N.D. Fla. Oct. 24, 2019).  Under 42 U.S.C. § 1997e(e), a

prisoner can recover damages for mental or emotional injury, or violation of

constitutional rights, only on a showing of physical injury or commission of

a sex act.  ECF No. 59.  His second amended complaint does not allege

any physical injury or sex act committed upon him.

**Defendant's Motion for Summary Judgment**

Defendant Fewell moves for summary judgment and contends that

the claims are barred; that no constitutional violation is proven by the

evidence; and that Plaintiff is not entitled to compensatory or punitive

damages.  ECF No. 80.

Defendant first contends the claims are barred because Plaintiff was

found guilty of a disciplinary report after being afforded due process and

there was evidence to support the disciplinary panel's fact finding.  *Id.* at

13-18.  Defendant contends that under these circumstances, a prisoner

cannot bring a retaliation claim against the prison employee who reported

the infraction.  *Id.* at 13 (citing O'Bryant v. Finch, 637 F.3d 1207, 1215-16

(11th Cir. 2011)).

Defendant next contends that Plaintiff fails to proffer evidence demonstrating a constitutional violation of deprivation of access to courts or retaliation in violation of Plaintiff's First Amendment rights. *Id.* at 19, 24. She contends that Plaintiff has failed to show any actual injury by deprivation of the right of access to courts. *Id.* at 19-20. Defendant argues that the evidence must show the actions of the official resulted in a denial or dismissal of a direct appeal, habeas petition, or civil rights case. *Id.* at 21. She contends that the allegation that the transfer of Plaintiff was punitive and caused Plaintiff to miss a court deadline must fail because the transfer was for security purposes, after Plaintiff attempted to establish a personal relationship with a staff member, and was not disciplinary. *Id.* at 21-22.

Defendant also contends that even if not barred, this claim is not supported by the evidence because the transfer occurred on January 8, 2018, and the order of the Eleventh Circuit was not issued until January 22, 2018. Plaintiff filed a notice of change of address with the Eleventh Circuit Court of Appeals, but it was not received until after the order was sent. *Id.* at 22. Defendant contends that issues in mail routing that caused the delay in the order reaching Plaintiff cannot be said to be the fault of Defendant Fewell. Defendant further contends that the motion that was found to be

untimely in the Eleventh Circuit was a motion to reconsider a denial of a certificate of appealability and raised no new arguments from those already made by Plaintiff before the Court denied the certificate; and any argument that the certificate of appealability would have been granted and the appeal would have resulted in a reversal or vacation of Plaintiff's conviction is not supported by the evidence. *Id.* at 23.

Defendant next contends that Plaintiff has provided no evidence to prove his allegation that she violated his First Amendment rights by writing a DR in retaliation for Plaintiff's grievance concerning his prior DR. *Id.* at 24-27. She contends that Plaintiff cannot prove a constitutional violation because the record demonstrates Plaintiff was guilty of the December 5, 2019, disciplinary charge, regardless of the fact that it was later overturned for a technical violation in drafting the statement of facts. *Id.* at 26. She contends that the DR which Defendant alleges was retaliatory and false was legitimate because the evidence shows he was engaged in disorderly conduct in the situation at issue. *Id.* at 27. She also contends that the transfer was not related to the DR that was overturned, but resulted from a special review necessitated by the facts underlying the first DR, which found Plaintiff was attempting to establish a personal relationship with a staff member. *Id.*

Lastly, Defendant Fewell contends that Plaintiff cannot seek compensatory or punitive damages, but is limited to claiming nominal damages, because he fails to allege or proffer evidence of any physical injury, let alone one which is greater than *de minimis*.  *Id.* at 28.  Defendant Fewell cites 42 U.S.C. § 1997e(e), which provides that a prisoner may not claim monetary damages in the absence of physical injury.  *Id.*  She contends that this physical injury requirement applies to all federal claims including constitutional ones.  *Id.* at 29 (citing Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000)).  Defendant contends that disciplinary confinement and transfers do not meet the requirement for physical injury. *Id.* at 31.

**Plaintiff's Response to the Motion for Summary Judgment**

Plaintiff responds to the motion for summary judgment essentially by repeating his factual allegations, ECF No. 82 at 2-6, and clarifying that he is not challenging the November 20, 2017, DR.[3]  *Id.* at 6.  He also states that

---

[3] Plaintiff argues that Defendant's evidence cannot be used to support the motion for summary judgment because it is unverified and unsworn.  ECF No. 82 at 1, 2.  However, "evidence considered at the summary judgment stage need not be 'in a form that would be admissible at trial,' as long as the evidence could ultimately be presented in an admissible form."  Bruno v. Greene Cty. Sch., 801 F. App'x 681, 684 n.2 (11th Cir. 2020) (unpublished) (citing Lossia v. Flagstar Bancorp, Inc., 895 F.3d 423, 430-31 (6th Cir. 2018) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986))).

his complaint has nothing to do with that DR hearing team or the appeals he filed about the team's findings, and the denial of his administrative appeals grievance. *Id.* He disputes that his confinement was specially reviewed due to his having written a love letter to Defendant, which formed the basis of the November 20, 2017, DR. *Id.* at 7.

Plaintiff alleges that Defendant submitted a fraudulent exhibit, ECF No. 80-5, in an attempt to deceive the Court concerning the reason he was placed in administrative confinement when he was transferred to Gulf C.I. ECF No. 82 at 9, 10. He contends that because the evidence shows he was given a "negative transfer" and not a "special review" transfer, as evidenced by his Ex. 12, the transfer was retaliatory in relation to the December 5, 2017, DR. ECF No. 82 at 9.

Plaintiff asserts that he is not seeking compensatory or punitive damages, but seeks actual and/or special damages for violation of his constitutional rights, so his request for $3,500 should not be stricken. *Id.* at 16.

**Reply and Sur-Reply**

Defendant Fewell replies to Plaintiff's response by reiterating that Plaintiff fails to provide any evidence that shows Defendant's actions in writing the December 5, 2017, DR were retaliatory and fails to show that

the DR would not have occurred but for a retaliatory motive.  ECF No. 86 at

5.  Defendant also clarifies, as Plaintiff noted, that the negative transfer was

not due to a special review but was recommended solely as a result of a

love letter Plaintiff wrote to Defendant, which underlay the November 20,

2017, DR, and was unconnected to the December 5, 2017, DR at issue.

Defendant asserts that based on this, the transfer was for the safety and

security of the institution and would have occurred regardless of the

December 5, 2017, DR.  *Id.* at 6-7.  Defendant replies that Plaintiff cannot

use the negative transfer or alleged access to courts issue resulting from

the timing of the transfer and mail delays to meet the third element of the

retaliation claim because the transfer would have occurred regardless of

the December 5, 2017, DR.  *Id.* at 7.

Plaintiff filed a sur-reply and reiterates that he believes Defendant's

exhibit at ECF No. 80-5 at page 1 is "manufactured" and that Classification

Officer Grant never recommended a special review on November 27, 2017,

because of the love letter Plaintiff gave to Defendant.  ECF No. 89 at 2.  He

points out that Classification Officer Grant recommended a negative

transfer on December 6, 2017, after the December 5, 2017, DR was

written, and he alleges it was in retaliation for Plaintiff's grievance.  *Id.* at 2-

3.

**The Relevant Rule 56(e) Evidence**

On November 20, 2017, Defendant Fewell wrote a DR for Plaintiff stating that on that date he handed her a "three (3) page love letter professing how much he likes me and made a reference to performing sexual acts with me." Ex. B to Motion for Summary Judgment (ECF No. 80-2 at 1). The DR cited this action as a violation of Rule 33-601.314, Florida Administrative Code, which prohibits state prisoners from establishing or attempting to establish a personal or business relationship with any staff member or volunteer. Plaintiff was provided a copy of the DR on November 22, 2017. Ex. B to Motion (ECF No. 80-2 at 3); Ex. A to Motion (ECF No. 80-1 at 35, lines 20-23). Plaintiff submitted a written response denying that he gave a love letter to Defendant and that any letter she was given was not meant for her to read. Ex. B (ECF No. 80-2 at 9). He declined staff assistance, did not list any persons to be interviewed, and did not indicate there was any evidence to be obtained. Ex. B to Motion (ECF No. 80-2 at 8, 11).

Pursuant to a hearing on November 30, 2017, Plaintiff was found guilty of the DR charge and given 30 days disciplinary confinement. Ex. B (ECF No. 80-2 at 1-2). Plaintiff filed administrative grievances challenging the findings of the disciplinary hearing team, which were denied. Exs. C, D

to Motion (ECF Nos. 80-3, 90-4). Plaintiff is not challenging the November 20, 2017, DR or this disciplinary confinement in his second amended complaint. ECF No. 82 at 6.

On December 5, 2017, Plaintiff was released early from disciplinary confinement that had been imposed for the November 20, 2017, DR. He testified in deposition on September 17, 2019, that when he was released, Defendant encountered Plaintiff near the N dorm and asked him why he was released early. Ex. A to Motion (ECF No. 80-1 at 11-12). He testified that he responded he did not know but maybe it was because of a grievance he filed. *Id.* at 12. He testified that she responded that he would not be on the compound any longer. *Id.* at 13. He testified that she walked away but returned. *Id.* at 16. He testified that they discussed his request to move out of the dorm he was assigned to and then he left. *Id.* at 17. He testified he told an officer named Hawkins that he wanted to speak to the Captain and Defendant then took off running and hit her panic button. *Id.* at 17-18.

On that same day, Defendant wrote a DR (number 122-172428) stating that on December 5, 2017, she was assigned to N dormitory as housing supervisor and ordered Plaintiff to enter his assigned quad but he refused several times. Ex. F to Motion (ECF No. 80-6). She wrote that she

called for the Captain and Plaintiff began to get loud and belligerent.  The

DR cited section 9-17 of Chapter 33-601.314 for disorderly conduct.  *Id.*

The DR was approved by Captain Knichel.  *Id.* (ECF No. 80-6 at 1).

An investigation was commenced, and Plaintiff was given notice and

an opportunity to provide a written statement, which he did.  *Id.*  Plaintiff

had no witnesses to request but asked that video evidence be reviewed.

Investigators concluded that the video "does not provide evidence to

support the inmate's statement."  *Id.*  After a hearing held December 7,

2017, Plaintiff was found guilty of the charge and given 28 days of

disciplinary confinement.  *Id.*

Plaintiff submitted administrative grievances challenging this second

DR as falsified.  He filed a formal grievance (number 1712-118-057) on

December 7, 2017, asking for new video evidence because the video

provided earlier was out of range.  Ex. G to Defendant's Motion for

Summary Judgment (ECF No. 80-7 at 1).  The grievance was denied with

the explanation that he should have requested new video evidence while

he was still in DR court.  Ex. G to Motion (ECF No. 80-7 at 2).  On

December 18, 2017, he filed an appeal of the grievance (log number 18-6-

00096) repeating the allegations.  Ex. G (ECF No. 80-7 at 3).  The appeal

was denied on January 12, 2018 by the Office of the Secretary.  Ex. G to Motion (ECF 80-7 at 4).

On December 10, 2017, Plaintiff filed an informal grievance (number 122-1712-0046) raising similar allegations that the December 5, 2017, DR was fabricated because it stated he was inside N dormitory when he said he never entered the dorm during the incident.  Ex. H to Motion (ECF No. 80-8 at 1-2).  The informal grievance was approved by Captain Knichel on December 14, 2017, stating "You are correct that you were in the quad 3 recreation area not inside the dormitory.  As reported by staff, you did become disorderly at that location."  *Id.* at 1.

Plaintiff subsequently filed an additional formal grievance (number 1712-118-119) on December 18, 2017, requesting removal from confinement based on approval of the informal grievance.  Ex. H to Motion (ECF No. 80-8 at 3).  That formal grievance was approved for the same reason given for approving the informal grievance.  *Id.* at 4.  On January 4, 2018, Plaintiff filed a grievance appeal (log number 18-6-02877) raising the same issue as the formal grievance.  *Id.* at 5.  The appeal was returned without action because Plaintiff's issue had already received an approved response.  *Id.* at 6.

On January 11, 2018, the second DR was overturned by Classification Supervisor Marchant due to unspecified "technical errors." Ex. F to Motion (ECF No. 80-6 at 3). DR log number 122-172428, the December 5, 2017, DR, was "removed." *Id.*

On November 27, 2017, prior to Plaintiff being released from the November 20, 2017, disciplinary confinement, Classification Officer Grant recommended that Plaintiff's confinement be "special reviewed" due to his attempt to establish a personal relationship with a staff member by writing Defendant a love letter. Ex. E to Motion (ECF No. 80-5 at 1). On December 6, 2017, Classification Officer Grant recommended instead a "negative transfer' due to Plaintiff's love letter to Defendant. Ex. 1 to Defendant's Reply (ECF No. 86-1 at 1). Plaintiff was later transferred to Gulf Correctional Institution on January 8, 2018. A report of administrative confinement on January 8, 2018, at Gulf C.I., written on January 11, 2018, also mentions Plaintiff having a special review for security reasons. ECF No. 80-5. Defendant has clarified, as Plaintiff alleges, that he was apparently not given a special review, but was approved for a "negative transfer" due to security concerns based on Plaintiff attempting to establish a personal relationship with Sgt. Fewell by giving her a love letter which

made reference to sex acts.  ECF No. 86-1; Plaintiff's Exhibit 12 to

Response to Defendant's Motion (ECF No. 82 at 62).

Prior to any of the foregoing disciplinary reports, Plaintiff filed a

petition for writ of habeas corpus in the Federal District Court for the Middle

District of Florida challenging his criminal conviction.  Ex. K to Motion (ECF

No. 80-11).  The petition was dismissed as untimely and a certificate of

appealability was denied.  *Id.*  Plaintiff appealed to the Eleventh Circuit

Court of Appeals.  Ex. L to Motion (ECF No. 80-12).  On January 11, 2018,

Plaintiff mailed his notice of change of address to the Eleventh Circuit.  Ex.

M to Motion (ECF No. 80-13).  The Eleventh Circuit received the change of

address on January 26, 2018.  *Id.*

On January 22, 2018, prior to receipt of the change of address, the

Eleventh Circuit issued an order finding Plaintiff was not entitled to a

certificate of appealability because he did not provide new reliable evidence

of actual innocence and merely claimed officers testified falsely at his trial.

Ex. L (ECF No. 80-12).  By letter sent to Plaintiff at Wakulla C.I. Annex

which accompanied the order, the Court gave Plaintiff 21 days in which to

move to reconsider the denial.  *Id.*  Plaintiff attempted to file a motion for

reconsideration of the Eleventh Circuit's order on February 20, 2018.  Ex. N

to Motion (ECF No. 80-14 at 2).  The motion reiterated the arguments

Plaintiff previously made to the Court in seeking a certificate of appealability. The motion was returned to Plaintiff unfiled as untimely on February 27, 2018. Ex. N to Motion (ECF No. 80-14 at 1).

**Analysis**

### Whether Plaintiff has shown a constitutional violation

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). To prevail on a retaliation claim, Plaintiff must establish that: (1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action [the bringing of charges against Brown] and the protected speech [the grievance]. O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (citation and quotation marks omitted). "It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). However, "[t]o establish a retaliation claim under the First Amendment, a prisoner must show a causal

connection between his protected speech and the harm of which he complains." Smith v. Villapando, 286 F. App'x 682, 685 (11th Cir. 2008) (unpublished).  Thus, a prisoner must provide facts showing that the alleged retaliatory conduct would not have occurred but for the retaliatory motive.  A plaintiff is required to do more than make "general attacks" on a defendant's motivations and must articulate "affirmative evidence" of retaliation to prove the requisite motive.  Crawford-El v. Britton, 523 U.S. 574, 600 (1998).  The inmate must produce "specific, nonconclusory factual allegations that establish improper motive causing cognizable injury."  *Id.* at 598.  The Plaintiff must show that the prison official's actions were "the result" of the inmate's having filed a grievance.  O'Bryant, 637 F.3d at 1212.

Defendant first contends that Plaintiff cannot show that the DR written on December 5, 2017, was in retaliation for his submitting an earlier grievance and that the claim is barred because he was afforded due process in that proceeding and there was evidence to support the disciplinary panel's factfinding that Plaintiff committed the charged infraction.  ECF No. 80 at 13.  The Eleventh Circuit held in O'Bryant that "[i]f a prisoner is found guilty of an actual disciplinary infraction after being afforded due process and there was evidence to support the disciplinary

panel's fact finding, the prisoner cannot later state a retaliation claim

against the prison employee who reported the infraction in a disciplinary

report."  637 F.3d at 1215.  "To find otherwise," the Court explained, "would

render the prison disciplinary system impotent by inviting prisoners to

petition the courts for a full retrial each time they are found guilty of an

actual disciplinary infraction after having filed a grievance."  *Id.* at 1216

(emphasis omitted).

Plaintiff asserts that O'Bryant does not apply in this case because he

is not challenging the disciplinary panel's finding that he violated a prison

rule.  ECF No. 82 at 14.  He cites Sears v. Roberts, 922 F.3d 1199, 1207

(11th Cir. 2019), for the proposition that O'Bryant is not applicable when a

prisoner is not challenging the disciplinary panel's findings.  *Id.*  In Sears,

the claim at issue was one of excessive use of force that occurred after the

actions for which the DR was written.  In the present case, Plaintiff alleges

that the December 5, 2017, DR was false and that it was written solely to

retaliate against him for his earlier grievance.  ECF No. 65 at 11.  This case

is not similar to Sears, but is similar to the facts in O'Bryant where the

inmate filed a retaliation claim against officers who submitted disciplinary

reports which he alleged were false and were issued in retaliation.  637

F.3d at 1209, 1211.

In the present case, Plaintiff was provided due process and evidence was presented at the disciplinary hearing of his guilt. Plaintiff was given notice of the December 5, 2017, DR; he was provided an opportunity to file a response and request witnesses and evidence. ECF No. 80-6 at 1. However, pursuant to an informal grievance, on December 14, 2017, Captain Knichel agreed with Plaintiff that he was in the recreation area and not in the dormitory when the incident occurred, but stated, "As reported by staff, you did become disorderly at that location." EXF No. 80-8 at 1. On December 28, 2017, the December 5, 2017, DR was removed from his record due to unspecified technical errors. ECF No. 80-6 at 3.

Defendant testified at his deposition that after Defendant Fewell asked him how he got out of his disciplinary confinement for his November 2017 DR early, he and Defendant "went to exchanging words" and the following occurred:

> A [Plaintiff]. . . I told her straight up. said, Man, you know what? I say, I am going to write you up again for a lot of this other stuff you be doing around here, blah, blah, blah, and I went into it.
>
> Q. So what - - what other stuff?
> . . . .
> A. So after I told her, I said, Look, I am going to write you up for some other misconduct - - just to keep it simple and plain, not to go into what I said - - she got upset and was like, Man, yeah, you are right there. I bet you won't be on the

> [com]pound no longer, blah, blah, blah, this and that.  So she
> walked off and went towards center gate.

ECF No. 80-1 at 13-14.  He also testified that when he got to his dorm, an

inmate who Plaintiff could not identify at that time told him Defendant had

been in the dorm and said she was "going to lie on" Plaintiff to try to get him

locked back up.  *Id.* at 14-15.

Plaintiff has presented sworn allegations that the December 5, 2017,

DR was false and filed by Defendant Fewell in retaliation for Plaintiff's filing

of grievances against her.  He has presented evidence that Defendant

warned him against continuing to file grievances.  Plaintiff presented

evidence that Defendant made statements that she would lie in order to

have Plaintiff locked back up.  The DR was later overturned for

deficiencies, although there is evidence that the prison officials still

considered Plaintiff to have been disorderly as a basis for the original filing

of the grievance.  Thus, Plaintiff has sufficiently identified disputed issues of

material fact concerning whether the December 5, 2017, DR was false and

was filed in retaliation for Plaintiff's exercise of his First Amendment rights.

For these reasons, Defendant is not entitled to summary judgment on the

claim of retaliation by Defendant's filing of the December 5, 2017,

grievance.

Plaintiff also alleges a claim for denial of access to court in violation of the First Amendment.  He contends that his negative transfer to Gulf C.I. that occurred on January 8, 2018, was due to actions of Defendant Fewell and the fact that he had filed grievances; and that the transfer deprived him of access to court.  ECF No. 65 at 12.  Defendant moves for summary judgment on this claim because Plaintiff cannot show that the transfer occurred as punishment for his exercise of his constitutional rights or that the transfer deprived him of access to court causing him injury.  ECF No. 80-21.

Plaintiff was asked at deposition why he believed the negative transfer was because of the December 5, 2017, DR written by Defendant Fewell.  He testified that he believed the transfer was based on that DR because the transfer occurred after he was confined pursuant to that DR and after he filed a grievance complaining that the December 5, 2017, DR. was false.  ECF No. 80-1 at 40-41.  When asked for any reason—other than the timing—why he believed the transfer was due to the DR, he stated, "I mean, why else - - why wouldn't it be?  Because, you know, I - -  it says it on the form that state classification approved me for a negative transfer for - - I can't remember it word for word, but I sent that to you in the admissions, the one on - -  the last one I just sent.  They said that I was

approved for a negative transfer for threats or something like that,

something of that nature." ECF No. 80-1 at 41. Although Plaintiff cites the

timing of the transfer as his primary evidence of the impetus for this

transfer, he also admitted it was based on security concerns.

Record evidence shows that on November 27, 2017, before the

December DR was written, a special review was recommended due to

Plaintiff's attempt to establish a personal relationship with Defendant Fewell

by writing her a love letter. The record shows that on December 6, 2017,

Classification Officer Grant recommended instead a "negative transfer" due

to security concerns arising from Plaintiff's November 2017 love letter to

Defendant. Ex. 1 to Defendant's Reply (ECF No. 86-1 at 1). The report of

administrative confinement by Gulf C.I. dated January 11, 2018, also refers

to security reasons as the basis for the transfer. ECF No. 80-5 at 5.

Plaintiff's conclusory allegation, based on the timing of the transfer, that the

transfer was due to Defendant Fewell writing the December 5, 2017, DR is

not supported by the record evidence and summary judgment should be

granted Defendant on this basis.

In addition, Plaintiff has failed to provide evidence showing the

transfer deprived him of access to court in the appeal of the district court's

dismissal of his federal habeas corpus petition and denial of a certificate of

appealability.  He was transferred on January 8, 2018.  On January 11,

2018, Plaintiff mailed his notice of change of address to the Eleventh

Circuit.  Ex. M to Motion (ECF No. 80-13).  The Eleventh Circuit received

the change of address on January 26, 2018.  *Id.*  However, on January 22,

2018, prior to receipt of the change of address, the Eleventh Circuit issued

an order finding Plaintiff was not entitled to a certificate of appealability

because he did not provide any new grounds for appeal.  Ex. L (ECF No.

80-12).  The Court gave Plaintiff 21 days in which to move to reconsider the

denial.  *Id.*  Plaintiff's motion for reconsideration of the Eleventh Circuit's

order reiterating the same arguments Plaintiff made previously was not filed

until February 20, 2018.  Ex. N to Motion (ECF No. 80-14 at 2).  The motion

was returned to Plaintiff unfiled as untimely on February 27, 2018.  Ex. N to

Motion (ECF No. 80-14 at 1).

Plaintiff has provided nothing to show that the Court's refusal to

consider his motion for reconsideration was due to his having been

transferred.  Rather, the evidence shows it was due to the timing of receipt

of notice of change of address caused by delays in the mail system or other

factors that cannot be attributed to any actions of Defendant Fewell.

Plaintiff has alleged no facts tending to show Defendant Fewell or the

December 5, 2017, DR written by her were in any way the cause of the

transfer.  Rather, the evidence reveals that the transfer was due to the actions of Officer Grant.  That official, not the Defendant, recommended Plaintiff's transfer.  Further, the evidence indicates that the transfer was the result of Plaintiff's own actions that resulted in the November 20, 2017, DR—actions which created a security issue necessitating a transfer.

Moreover, Plaintiff has not shown that, but for the transfer, he would have received a certificate of appealability and a favorable ruling from the Eleventh Circuit altering his underlying criminal conviction and sentence. "It is now established beyond doubt that prisoners have a constitutional right of access to the courts."  Bounds v. Smith, 430 U.S. 817, 821 (1977), *abrogated on other grounds by*, Lewis v. Casey, 518 U.S. 343, 354 (1996). However, Plaintiff must show that he suffered actual injury caused by the alleged violation, which may be established by demonstrating his efforts to pursue a nonfrivolous claim were frustrated or impeded by an official's actions.  Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006); Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998).

As discussed above, Plaintiff cannot show that any impediment in his appeal to the Eleventh Circuit was caused by the actions of Defendant Fewell.  Further, Plaintiff cannot demonstrate that even if he had timely received the order of the Eleventh Circuit and even if he had timely filed his

motion for reconsideration of the denial of the certificate of appealability, that the Court would have granted the certificate of appealability, considered his appeal, and granted him affirmative relief.  In its original order denying a certificate of appealability, the Eleventh Circuit explained that the only claim made by Plaintiff in his § 2254 petition was actual innocence.  ECF No. 80-12 at 1.  The Court noted that "although Jordan alleged that he was actually innocent, he did not provide any new reliable evidence demonstrating his actual innocence. . . . [but] merely claimed that officers falsely testified at his trial, which fails to constitute new reliable evidence demonstrating his actual innocence."  ECF No. 80-12 at 2.

In the untimely motion for reconsideration that Plaintiff attempted to file in the Eleventh Circuit, he argued a miscarriage of justice and directed the Court to the grounds stated in his earlier-filed application for a certificate of appealability.  ECF No. 80-14 at 2.  He argued that the evidence he had previously presented supported his claim.  Even if the Court had accepted his untimely motion to reconsider denial of a certificate of appealability, it contained nothing that the Court had not previously considered in its earlier ruling.  Plaintiff has not demonstrated that the motion would have had any chance of success in securing him a full appeal and any affirmative relief.  Plaintiff's failure to demonstrate actual injury is

fatal to his claim of deprivation of access to court and summary judgment for Defendant should be granted on this claim.

### Whether Plaintiff can seek more than nominal damages

Defendant is correct that Plaintiff's relief, should he be successful, must be limited to nominal damages because of the bar imposed by 42 U.S.C. § 1997e(e). That statute provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  The statute is applicable in this case as Plaintiff is an incarcerated prisoner who seeks monetary damages, but has not suffered a physical injury.  Plaintiff's explanation that he suffered "actual injury," ECF No. 82 at 16; ECF No. 65 at 13, does not provide a basis for monetary damages in excess of nominal damages.  *See* Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000); Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003).  Without physical injury, Plaintiff's relief is unquestionably limited to "nominal damages."

As the Court previously ruled in this case:

> Under 42 U.S.C. § 1997e(e), a prisoner can recover damages for "mental or emotional injury" only on a showing of physical injury or commission of a sexual act.  The plaintiff has not alleged a physical injury or sexual act, so he cannot recover damages for mental or emotion injury.  This does not preclude him from recovering other kinds of actual damages—what are

sometimes referred to as special damages—but the plaintiff has alleged none. Thus, for example, the plaintiff says in the objections that the defendants denied him access to court, but the plaintiff has identified no loss of money or other damage— other than mental or emotional injury—that allegedly resulted from inability to pursue a court proceeding.

The plaintiff is nonetheless entitled to claim nominal damages. His assertion that this can be $900 or $3,500 is not correct. My practice is to treat nominal damages as $10.

ECF No. 59 (Order Striking Any Demand for Damages for Mental or Emotional Injury). Thus, without evidence of any physical injury or sexual act, Plaintiff is limited to claiming only nominal damages.

**Recommendation**

For the reasons set forth above, it is respectfully **RECOMMENDED** that:

1. Defendants motion for summary judgment, ECF No. 80, should be **GRANTED in part and DENIED in part**. Defendant's motion for summary judgment should be **DENIED** as to the claim of retaliation in violation of the First Amendment by the filing of the December 5, 2017, DR. The motion should be **GRANTED** as to the claims of deprivation of access to courts, retaliation based on Plaintiff's transfer, and claims for monetary damages in excess of nominal damages.

2. The case should be remanded to the undersigned for a further brief discovery period, pursuant to the Initial Scheduling Order, ECF No. 45

at 2-3, if such discovery is determined to be necessary prior to setting this case for trial.

**IN CHAMBERS** at Tallahassee, Florida, on July 16, 2020.


**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**